**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION**

**MDL NO. 1:13MD2493-IMK**

**THIS DOCUMENT RELATES TO ALL CASES**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY OR, IN THE ALTERNATIVE, TO ADDRESS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION BASED ON THE CURRENT RECORD**

Defendants Monitronics International, Inc.; Versatile Marketing Solutions, Inc.; Alliance Security, Inc.; ISI Alarms NC, Inc.; UTC Fire and Security Americas Corporation, Inc.; and Honeywell International, Inc. (collectively, "Defendants") move to stay this matter in its entirety pending the Supreme Court of the United States' rulings in *Campbell-Ewald Co. v. Gomez* ("*Campbell-Ewald*") and in *Robins v. Spokeo, Inc*. ("*Spokeo*").[1] In the alternative, Defendants should be permitted to oppose Plaintiffs' improper motion for class certification based on the current record.

## INTRODUCTION

On May 18, 2015, the Supreme Court granted certiorari in *Campbell-Ewald* to decide whether a Rule 68 offer of judgment to a named plaintiff (in full satisfaction of her claim) moots that plaintiff's putative TCPA class claims. 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted*, No.

[1] *Spokeo* will address whether a federal statute, like the TCPA, can create Article III standing by simply authorizing a remedy for a statutory violation. If the Court concludes that a mere violation of such a statute without further proof of injury does not confer Article III standing, plaintiffs would lack Article III standing to pursue their claims. 742 F.3d 409 (9th Cir. 2014), *cert. granted*, No. 13-1339, 2015 WL 1879778 (Apr. 27, 2015). *Spokeo* is addressed in greater detail, *infra* Section III.

14-857, 2015 WL 246885 (May 18, 2015). Should the Supreme Court rule in favor of the *Campbell-Ewald* petitioners, the TCPA and class action legal landscape will be dramatically altered. Indeed, named plaintiffs in TCPA class actions who receive Rule 68 offers will not be able to proceed individually or as class representatives, requiring dismissal of both their individual and class claims.[2] Rule 68 offers of judgment have now been, or will soon be, extended to each class and individual Plaintiff in the instant multi-district litigation ("MDL"). Accordingly, if the Supreme Court deems that a Rule 68 offer for complete relief moots the recipients' claims, each of the class and individual Plaintiffs' claims here will be mooted, effectively extinguishing the pending purported class actions that form the core of this MDL.

Defendants respectfully request that this Court enter a stay pending the Supreme Court's decision in *Campbell-Ewald*. In the eight business days since the Supreme Court granted certiorari in *Campbell-Ewald*, two courts have *sua sponte* stayed similar TCPA class actions, including Judge Ellis in the Eastern District of Virginia. Given the potentially dispositive nature of the Supreme Court's decision, a stay is warranted here to avoid the significant and potentially unnecessary expenditure of resources by the parties and the Court to undertake fact and expert discovery, brief and adjudicate class certification, and litigate dispositive motions.

Plaintiffs clearly recognize that a stay is appropriate, if not inevitable, as Plaintiff Diana Mey is also the named plaintiff (and Plaintiffs' Liaison Counsel here is her counsel there) in one of the cases in which the court (the United States District Court for the District of Connecticut) granted a stay *sua sponte* based on *Campbell-Ewald*. In a desperate attempt to avoid a stay here, the next day, Plaintiffs improperly and prematurely filed a motion for class certification. This

[2] As a result, this Court is now confronted with a question of whether it retains subject matter jurisdiction over the lawsuits that comprise this MDL. It is Defendants' position that the Court does not retain subject matter jurisdiction, and they are prepared to make a motion pursuant to Fed. R. Civ. P. 12(b)(1).

motion, however, cannot revive this Court's subject matter jurisdiction. First, this motion is improper and should be considered a nullity because it violates the Court's Case Management Order, which directs them to file their motion on (not before) September 15, 2015. Second, the mere filing of this motion does not negate the effect of the Rule 68 offers or preclude the entry of a stay. As the Supreme Court recognized in accepting certiorari on the questions presented in *Campbell-Ewald*, the relevant inquiry is whether an offer of judgment is made before a class is certified—not before a class certification motion is filed. Third, if the Court does not enter a stay, the Court should reject Plaintiffs' request to stay briefing and to conduct additional discovery for their motion for class certification and should set a briefing schedule and hearing date for that motion.[3]

**BACKGROUND**

In this MDL, Plaintiffs assert claims against Defendants and others alleging that they received telemarketing phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). The majority of named Plaintiffs in this action purport to bring their claims on behalf of a putative class; certain Plaintiffs bring only individual claims. Per the February 11, 2014 Order of this Court, MDL Dkt. 13-md-02493, ECF No. 23, at 4, Plaintiffs disclosed in Supplemental Statements information regarding all of the allegedly unlawful calls for which they seek to recover in this action.[4]

---

[3] On the morning of May 27, 2015, counsel for the parties held a telephonic meet and confer during which Defendants' Liaison Counsel informed Plaintiffs' Liaison Counsel of their intention to move to stay the instant litigation pending the Supreme Court's resolution of *Campbell-Ewald*. Plaintiffs did not advise Defendants of their plan to file their motion for class certification, which they filed hours later.

[4] Plaintiffs' Supplemental Statement (Mar. 26, 2014); Keith Finkela's Supplemental Statement (July 29, 2014); Plaintiffs' Second Supplemental Statement (Aug. 13, 2014); Dakota Dalton's Supplemental Statement (Aug. 13, 2014); Allen Beavers' Supplemental Statement (Continued...)

The TCPA provides for statutory damages of actual monetary loss or up to $500 per call for a negligent violation of the statute, or treble damages (up to $1,500) for a willful or knowing violation of the statute. 47 U.S.C. §§ 227(b)(3), 227(c)(5). The statutory damages available under the TCPA are on a per-call basis, and are not cumulative per responsible party. *Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 974-75 (N.D. Ill. 2010) (holding settlement offer of $1,500 to cell phone user in putative class action satisfied entire demand for judgment based on alleged single violation of 47 U.S.C. § 227(b)(3) and acknowledging that plaintiff could not be separately compensated for the call by each defendant). The TCPA does not provide for attorneys' fees. *See generally* 47 U.S.C. § 227, *et seq*. Beyond the receipt of allegedly unlawful telemarketing calls, Plaintiffs allege no harm or monetary loss and seek no additional damages.

On May 18, 2015, the Supreme Court granted certiorari in *Campbell-Ewald* to decide: (1) "[w]hether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and (2) "[w]hether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule 23, but receives an offer of complete relief before any class is certified." Pet. For Writ of Cert., *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 241891, at *1 (Jan. 16, 2015); 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted*, No. 14-857, 2015 WL 246885 (May 18, 2015).

(Aug. 13, 2014); Diane Elder's Supplemental Statement (Aug. 13, 2014); Michelle Wakeley's Supplemental Statement (Aug. 13, 2014); James Giles' Supplemental Statement (Aug. 13, 2014); Sandra Fairley's Supplemental Statement (not dated); Merrill Primack's Supplemental Statement (Oct. 2, 2014); Nicholas Shreders' Supplemental Statement (Oct. 2, 2014); Vincent Brizgys' Supplemental Statement (Oct. 2, 2014); Jonathan Mraunac's Supplemental Statement (Oct. 2, 2014); Craig Cunningham's Supplemental Statement (Nov. 24, 2014); Plaintiffs' Third Supplemental Statement (Jan. 5, 2015); Newton Vaughan's Supplemental Statement (Apr. 10, 2015); Plaintiffs' Fourth Supplemental Statement (May 1, 2015).

On November 4, 2011, Defendant Versatile Marketing Solutions, Inc. ("VMS") served upon named Plaintiff Diana Mey an offer of judgment pursuant to Rule 68 that would compensate her for all statutory penalties available in satisfaction of her claims.[5] Member Case Dkt. 11-cv-00090, ECF No. 121 at 2. Ms. Mey allowed that offer to lapse. *Id.* at 3. Unless and until a putative class Ms. Mey represents were to be certified, that offer of judgment remains effective. *Id.* at 12.

On May 28, 2015, Defendants began serving offers of judgment to each Plaintiff in this MDL, in full satisfaction of their claims. For example, in the underlying case *Mey, et al. v. Honeywell, Int'l, Inc., et al.*, Case No. 2:12-cv-01721 (S.D. W. Va.), which was transferred to this MDL on April 3, 2014, defendants Monitronics, Honeywell, and the ISI Defendants served plaintiff Diana Mey with an offer of judgment in the total amount of $50,000.00, and providing for additional relief, as set forth therein. Similarly, in the underlying case *Mey v. Monitronics Int'l, Inc., et al.*, Case No. 5:11-cv-90 (N.D. W. Va.), which was consolidated for coordinated pretrial proceedings in this MDL on December 19, 2013, defendants Monitronics, VMS and UTCFS served plaintiff Diana Mey with an offer of judgment in the total amount of $120,240.00, and providing for additional relief, as set forth therein. Defendants are in the process of tendering Rule 68 offers of judgment to all plaintiffs in this MDL.

[5] Following service of VMS' offer of judgment, Ms. Mey moved to strike the offer as inconsistent with Federal Rule of Civil Procedure 23. This Court denied Ms. Mey's motion, but asserted it would "disappear" if the proposed class were certified. Memorandum Opinion and Order at 9, Member Case Dkt. 11-cv-00090, ECF No. 121. Should the Supreme Court rule for petitioners in *Campbell-Ewald*, the Rule 68 offer would not disappear; the Plaintiffs' class claims would.

## ARGUMENT

### I. The Supreme Court Will Resolve A Circuit Split Regarding the Effect of a Rule 68 Offer on Class Action Claims

#### a. Rule 68 Standards

Federal Rule of Civil Procedure 68 allows any "party defending against a claim [to] serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). This can be done at any time "[a]t least 14 days before the date set for trial." *Id*. If the offer is accepted, judgment is entered in the offeree's favor. *Id.* If the offer is not affirmatively accepted within 14 days, it is considered withdrawn. *Id.* 68(b). If an offer is withdrawn or rejected, and the offeree ultimately obtains a judgment that is not more favorable than the Rule 68 offer of judgment, "the offeree must pay the [offeror's] costs incurred after the offer was made." *Id.* 68(d).

An offer of judgment may tender to a plaintiff all of the relief she seeks—*i.e.*, an offer in full satisfaction of her claims. If such an offer is accepted, the plaintiff's claims will be dismissed and the matter concluded. *Id.* 68(a). Under Fourth Circuit precedent, if unaccepted or withdrawn, that individual plaintiff's claims become moot and the court loses subject matter jurisdiction. *See Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) (defendants offered individual plaintiff "the full amount of damages ($3,281.25) to which she claimed individually to be entitled, there was no longer any case or controversy"); *Milbourne v. JRK Residential Am., LLC*, No. 3:12CV861, 2014 WL 1369378, at *3 (E.D. Va. Apr. 7, 2014) ("When an individual plaintiff rejects a defendant's complete Rule 68 offer of judgment, that plaintiff no longer has a 'stake in the outcome' and there is no longer a justiciable case or controversy."). Indeed, in this instance, a plaintiff's "personal stake in the outcome . . . disappear[s], and federal courts do not sit simply to bestow vindication in a vacuum." *Zimmerman*, 800 F.2d at 390.

**b. Rule 68 Effect on Individual and Class Claims**

"Article III, §2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citation and internal quotation marks omitted). To have standing, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Id.* (citations and internal quotation marks omitted).

> A corollary to this case-or-controversy requirement is that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Id.* (citations omitted) (internal quotation marks omitted).

As the Fourth Circuit held, "a change in factual circumstances" since the complaint's filing "can moot a case; for example, 'when the claimant receives the relief . . . she sought to obtain through [her] claim,' her case becomes moot." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) (alteration in original) (citations omitted); *see e.g.*, *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("[The plaintiff] already has received the restoration of his visitation privileges that he requested in his complaint."); *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 98-100 (4th Cir. 2011) (declining to review merits of denial of class action certification where appellants subsequently dismissed related claims and thus lacked standing to pursue appeal). In particular, "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." *Warren*, 676 F.3d at 371 (citations and internal quotation marks omitted). A Rule 68 offer, moreover, need not be accepted in the Fourth Circuit to moot a claim. *See, e.g.*, *Zimmerman*, 800 F.2d at 388,

390; *Bradford v. HSBC Mortg. Corp.*, 280 F.R.D. 257, 258, 263 (E.D. Va. 2012) (Ellis, J.); *see also Genesis*, 133 S. Ct. at 1529 n.4 (noting that Courts of Appeals hold "that a plaintiff's claim may be satisfied even without the plaintiff's consent"). A settlement offer for "full relief" may also moot a claim "because the doctrine of mootness is . . . not constrained by the formalities of Rule 68." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011).

While the Fourth Circuit's precedent is clear that an individual plaintiff's claims are mooted by virtue of an unaccepted offer of judgment for full relief, there has been some disagreement amongst the courts as to whether an unaccepted Rule 68 offer of judgment for the full statutory amount of the named plaintiff's claim renders the putative class's claims moot. *Compare Campbell-Ewald v. Gomez*, 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted,* No. 14-857, 2015 WL 246885 (May 18, 2015) (finding unaccepted Rule 68 offer of judgment does not moot a class action) and *Weiss v. Regal Collections*, 385 F.3d 337, 385, 348 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.") *with Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (when a defendant makes an offer of full relief under Rule 68 before class certification, the putative class action becomes moot along with the named plaintiff's claim).

In *Klein v. Verizon Online LLC*, Case No. 14-1660, the Fourth Circuit was poised to address whether a valid Rule 68 offer of judgment to a named plaintiff in a putative class action moots her putative class. That case was scheduled for oral argument, but was then continued from the tentative calendar to await re-calendering. It is anticipated that the Fourth Circuit will not decide *Klein* until the Supreme Court issues its ruling in *Campbell-Ewald*.

The Fourth Circuit has, however, addressed an analogous issue: whether voluntary settlement of a putative class plaintiff's claims moots the putative class. *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011). The Court found that "when a putative class plaintiff voluntarily dismisses the individual claims underlying a request for class certification . . . there is no longer a self-interested party advocating for class treatment in the manner necessary to satisfy Article III standing requirements." *Id*. As such, current Fourth Circuit precedent would warrant dismissal of Plaintiffs' claims.

By granting certiorari in *Campbell-Ewald v. Gomez*, the Supreme Court will decide in the near term whether an offer of judgment made in full satisfaction of a named plaintiff's claims moots his or her putative class claims.

## II. A Stay is Necessary Pending the Supreme Court's Ruling in *Campbell-Ewald*

A district court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953). In addition to concern for "economy of time and effort for [the court], for counsel, and for litigants," 299 U.S. at 254, three considerations are relevant to whether a court should exercise its discretionary power to stay proceedings under *Landis*: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Kamara v. Polk*, Nos. 3:12-CV-143, *et al.*, 2014 WL 5810456, at *3 (N.D. W. Va. Nov. 7, 2014) (summarizing the *Landis* factors). Here, each factor militates in favor of staying the proceedings that have been consolidated in this MDL pending the Supreme Court's resolution of *Campbell-Ewald* and *Spokeo*.

**a. The interests of judicial economy favor granting the stay.**

Permitting discovery and other pretrial proceedings in the MDL, including expensive expert discovery, to continue while the Supreme Court contemplates issues that may confirm that this Court is divested of jurisdiction would be inefficient and highly prejudicial to Defendants. If the Supreme Court finds that putative TCPA class claims are mooted under these circumstances, all claims in this matter must be dismissed: individual claims will be moot and may not proceed and class treatment of the claims in the MDL will be precluded.

Indeed, courts commonly stay cases when a pending Supreme Court decision is poised to squarely resolve a central issue in the pending case. *See, e.g.*, *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished table decision) (affirming district court order staying case pending Supreme Court resolution of relevant issues; "We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."); *accord Cardenas v. AmeriCredit Fin. Servs. Inc.*, No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) (holding that the orderly course of justice and the balance of hardships favored the imposition of a stay pending the Supreme Court's resolution in *Concepcion*); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, No. 2:12-CV-00550-MMD, 2013 WL 595821, at *3 (D. Nev. Feb. 15, 2013) (finding a stay was warranted where the issues raised in the case before the court were similar to those raised in an appeal pending before the Nevada Supreme Court); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners*, *LLC*, No. 8:11-cv-02467-PWG (Md. Jan 2, 2013) (order granting motion to stay following U.S. Supreme Court's grant of certiorari in Genesis).

Since the Supreme Court granted certiorari in *Campbell-Ewald* on May 18, two courts have *sua sponte* stayed pending TCPA class actions to await the Supreme Court's potentially

case-dispositive ruling. *See* Order, *Williams v. Elephant Ins. Co.*, *et al.*, No. 1:14-cv-00119-GBL-TCB (E.D. Va. May 27, 2015) (staying TCPA action pending Supreme Court's decisions in *Campbell-Ewald* and *Spokeo*), attached hereto as Exhibit 1; *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191-MPS (D. Conn.) (docket entry No. 118 entered on May 26, 2015 indicating "the Court intends to issue an order staying or administratively closing this case"), attached hereto as Exhibit 2.

For these reasons, a stay pending resolution of *Campbell-Ewald* and *Spokeo* promotes judicial economy and constitutes a more efficient use of this Court's, and the parties' time and efforts.

**b. If the MDL is not stayed, Defendants could suffer hardship.**

Defendants will face hardship in the form of unnecessary litigation costs if this case is permitted to proceed. Plaintiffs' Liaison Counsel has recently proposed an aggressive deposition schedule for the remainder of the discovery period, including dozens of corporate representative, fact witness, third party and expert depositions. Defendants' expert reports are due at the end of July. Engaging in these discovery activities will be extremely costly to each Defendant.

Defendants must also prepare for and take the depositions of Plaintiffs and Plaintiffs' experts. For some Defendants, costly document review and production, and preparation of privilege logs, remain outstanding. Following discovery, Defendants will incur substantial expense in opposing Plaintiffs' motion for class certification. Preparing for and arguing Plaintiffs' class certification motion will likewise be time consuming and costly for each Defendant. It will also require the Court to invest significant time and resources.

If a stay is not entered, Defendants will be forced to incur millions of dollars in litigation costs even though the Supreme Court's rulings may render these efforts unnecessary. *See, e.g.*,

*Cardenas*, 2011 WL 846070, at *4 (noting injury to defendant absent a stay insofar as "there can be no legitimate dispute that conducting further proceedings, up to and including preparing for and conducting a trial *that may ultimately be unnecessary*, would result in significant litigation costs-as well as the expenditure of judicial resources"); *Eagle SPE NV 1, Inc.*, 2013 WL 595821, at *3 ("Forcing the parties to go forward with this litigation and proceed with motion practice and discovery, which may ultimately be futile in light of the Nevada Supreme Court's decisions, would result in unnecessary expenses and a waste of the parties['] and the court's time and resources.") (citations omitted).

**c. Plaintiffs will not be prejudiced by granting a stay.**

There is no prejudice to Plaintiffs should this Court grant the stay Defendants seek. A stay merely delays these proceedings until the Supreme Court settles the fundamental and potentially dispositive issues presented in *Campbell-Ewald* and *Spokeo*. But delay is not alone sufficient prejudice to deny Defendants' stay motion. *See Cardenas*, 2011 WL 846070, at *4 (finding balance of equities relating to stay pending Supreme Court ruling favored defendant where plaintiffs "may have shown that additional delay may result [in] some injury" but had made "no showing with respect to any harm to themselves specifically"). Nor can Plaintiffs show prejudice. This is not a mass tort case where the plaintiffs have suffered physical injuries and incurred significant medical bills requiring immediate relief. Moreover, the delay in this matter will last, at most, for one year. Having granted certiorari in May 2015, the Supreme Court will hear oral argument in *Campbell-Ewald* sometime next term, and thus, must issue its decision by June of 2016, the end of the 2015-2016 term.

Plaintiffs will also benefit from a stay. Over the course of the next year, it's anticipated that, like defendants, plaintiffs will expend substantial resources in litigating their claims. This

will all have been for naught should the Supreme Court rule in *Campbell-Ewald* that the Rule 68 offers of judgment to MDL plaintiffs moots their claims or rule in *Spokeo* that a federal statute like the TCPA cannot create Article III standing by authorizing a remedy for a statutory violation without any apparent injury.

For these reasons, Defendants respectfully request that this Court grant a stay pending the Supreme Court's resolution of *Campbell-Ewald* and *Spokeo*.

**III. A Stay is Also Necessary Given the Supreme Court's Grant of Certiorari in *Spokeo***

This Court should likewise stay these proceedings to await the Supreme Court's decision in *Spokeo*. 742 F.3d 409 (9th Cir. 2014), cert. granted, No. 13-1339, 2015 WL 1879778 (Apr. 27, 2015). *Spokeo* addresses whether a violation of a federal statute *ipso facto* satisfies the injury-in-fact requirement of Article III standing.[6] The Court will decide whether a violation of a federal statute with set statutory damages (the Fair Credit Reporting Act) like the TCPA, automatically confers "Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. For Writ of Cert., *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at *i, 16–18 & n.17 (May 1, 2014) ("Review here would have the additional practical benefit of resolving the same constitutional

[6] To establish standing (and thus federal jurisdiction) under Article III, a plaintiff bears the burden of showing that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

issue as it arises under many more federal statutes.") (citing no fewer than seventeen additional federal statutes implicating the Article III standing question, including the TCPA).

The Supreme Court's decision in *Spokeo* will therefore be dispositive of the fundamental constitutional question of whether a case or controversy exists to support this Court's jurisdiction to hear this case. *See id.*; *see also* U.S. Const., art. III, § 2, cl. 1. Thus, this Court should also stay the action pending the Supreme Court's decision in *Spokeo*.

## IV. Plaintiffs' Premature Class Certification Motion Has No Bearing on This Analysis

### a. Plaintiffs' motion is premature, improper and irrelevant to the propriety of a stay.

Plaintiff Diana Mey is the named plaintiff in the *Mey v. Frontier Comm'n Corp.* case in the United States District Court for the District of Connecticut. Plaintiffs' lead counsel here is also her counsel in *Frontier*. On Tuesday May 26, 2015, the *Frontier* court granted a stay *sua sponte* based on *Campbell-Ewald*. *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191-MPS (D. Conn.). The next day, in an attempt to avoid that fate here, Plaintiffs improperly filed a motion for class certification in violation of the Court's Case Management Order. Plaintiffs' motion is more than four months early and in direct contravention of the Court's clear instructions. *See* Court's Pre-Trial Order # 4 – Case Management Order, MDL Dkt. 13-md-02493, ECF No. 169, at 1 (deadline for motions related to class certification is September 15, 2015). Indeed, at the Scheduling Conference on June 5, 2014, the Court explained that the dates in the Case Management Order are the dates upon which motions must be filed and made clear that motions could not be filed before those dates:

> **Deadlines are when you file them**. In other words, I think that letting lawyers file motions whenever they want to is not wise. So if you want early motion--here comes everybody. Okay. I'm really glad I asked this question. I don't--I also don't think the plaintiffs should be bombarded with motions out of time and out of context so when I looked at this, **my read is no motion practice until what's**

> **scheduled. If you want to schedule something else I need to know about it and tell you it[]s okay**.

Mot. Hr'g/Sched.Conf. Tr. 92:7-16 (June 5, 2014) (emphasis added). In any event, Plaintiffs' tactic has no effect on this Court's ability to enter a stay. There is no Fourth Circuit authority negating the ability of a court to issue a stay based on Rule 68 offers due to the mere filing of a motion for class certification. The very fact that Plaintiffs have taken this extreme measure signals their acknowledgement that a stay under these circumstances is proper. *See, e.g.*, Plaintiffs' Mem. in Support at 3, MDL Dkt. 13-md-02493, ECF No. 417-1 ("because of the uncertainty in the law due to the United States Supreme Court's recent grant of certiorari in [*Campbell-Ewald*], in an abundance of caution Plaintiffs and the proposed members of the classes file this motion.").

**b. If the Court finds Plaintiffs' motion is properly filed, Defendants seek an opportunity to oppose it without further discovery or delay**

Plaintiffs chose to file an improper, untimely motion for class certification to preempt Defendants' Rule 68 offers of judgment and a motion to stay, which they were aware were about to issue. But Plaintiffs cannot have it both ways. Should this Court decide that Plaintiffs' motion is appropriately considered at this time, Defendants respectfully request the opportunity to oppose the motion as is, without further discovery or delay. If Plaintiffs are permitted to ignore the Court's Case Management Order and file a motion that is transparently improper, they should be forced to stand by this motion and briefing should proceed on the motion Plaintiffs chose to file.

**CONCLUSION**

For the foregoing reasons, this matter should be stayed pending the Supreme Court's decisions in *Campbell-Ewald* and *Spokeo*. In the alternative, briefing should proceed on Plaintiffs' motion for class certification without further discovery.

May 29, 2015

Respectfully submitted,

/s/ Jeffrey A. Holmstrand

Jeffrey A. Holmstrand
Flaherty Sensabaugh Bonasso, PLLC
PO Box 6545
Wheeling, WV 26003
304-230-6600
304-230-6610 (Fax)

*Defense Liaison Counsel and Counsel for Defendant Monitronics International, Inc.*

John R. Teare , Jr.
Spilman Thomas & Battle PLLC
300 Kanawha Blvd E
P. O. Box 273
Charleston, WV 25321-0273
304-340-3800
304-340-3801 (Fax)

*Counsel for Defendant Alliance Security, Inc.*

Jeffrey L. Poston (admitted *pro hac vice*)
Rebecca B. Chaney (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (Fax)

Gordon H. Copland
STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8162
(304) 933-8183 (Fax)

*Counsel for Defendant UTC Fire and Security Americas Corporation, Inc.*

Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
(973) 503-5950 (Fax)

*Counsel for Defendant Honeywell International, Inc.*

Robert B. Newkirk , III
Newkirk Law Office, P.A.
P.O. Box 2536
19810 W. Catawba Avenue
Cornelius, NC 28031
(704) 892-5898
(704) 892-5633 (Fax)

*Counsel for ISI Alarms NC, Inc.*